Filed 8/24/20  P. v. Kness CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>ALLEN REED KNESS,<br><br>  Defendant and Appellant. | 2d Crim. No. B299645<br>(Super. Ct. No. F000278122)<br>(San Luis Obispo County) |

Allen Reed Kness appeals an order denying his petition for resentencing pursuant to Penal Code[1] section 1170.95.  Kness contends the trial court erred when it found Senate Bill No. 1437 (SB 1437) unconstitutional.  We agree and reverse.

## PROCEDURAL HISTORY

Kness aided and abetted in a murder.  The jury found him guilty of second degree murder (§§ 187, subd. (a), 189, subd.

---

[1] Further unspecified statutory references are to the Penal Code.

(b)), but found not true the allegation that he personally used a deadly and dangerous weapon in the commission of the crime (§ 12022, subd. (b)).  The trial court sentenced him to 15 years to life.  We affirmed the judgment in an unpublished decision. (*People v. Kness* (May 7, 2001, B139989) [nonpub. opn.].)

Following the enactment of SB 1437 in 2018, Kness filed a petition for resentencing pursuant to section 1170.95.  He declared he was convicted of second degree murder "pursuant to the felony murder or the natural and probable consequences rule" and "could not now be convicted of murder because of changes made to Penal Code § 188."  The court denied the petition, finding SB 1437 unconstitutional.

## DISCUSSION

The District Attorney contends the trial court properly determined SB 1437 unconstitutional because it (1) unlawfully amends Propositions 7 and 115, (2) violates the separation of powers, and (3) violates Marsy's Law.  Since the trial court's ruling, several courts, including our own in *People v. Bucio* (2020) 48 Cal.App.5th 300 (*Bucio*), rejected these same arguments and upheld the constitutionality of SB 1437.  (See also *People v. Superior Court* (*Gooden*) (2019) 42 Cal.App.5th 270 (*Gooden*); *People v. Lamoureux* (2019) 42 Cal.App.5th 241 (*Lamoureux*); *People v. Solis* (2020) 46 Cal.App.5th 762; *People v. Cruz*  (2020) 46 Cal.App.5th 740; *People v. Johns* (2020) 50 Cal.App.5th 46;  *People v. Prado* (2020) 49 Cal.App.5th 480; *People v. Smith* (2020) 49 Cal.App.5th 85.)  Consistent with our recent opinion in *Bucio*, we conclude SB 1437 is constitutional.

SB 1437 "amended section 188, which defines malice. Now, to be convicted of murder, a principal must act with malice aforethought . . . . [SB 1437] also amended section 189 to restrict

2

the application of the felony-murder rule and the natural and probable consequences doctrine. Now, to be convicted of felony murder, the participant in a specified felony must be: (1) the actual killer, (2) one who acted with the intent to aid, abet, counsel, command, induce, solicit, request, or assist the actual killer in the commission of murder in the first degree, or (3) a major participant in the underlying felony who acted with reckless indifference to human life." (*Bucio*, *supra*, 48 Cal.App.5th at p. 307.)  SB 1437 also "added section 1170.95, which permits those convicted of felony murder or murder under the natural and probable consequences doctrine to file a petition with the sentencing court to vacate the murder conviction and resentence on any remaining counts." (*Bucio*, at p. 307.)

### *Proposition 7*

SB 1437 did not amend Proposition 7.  "Proposition 7 deals with the penalties for murder, mandating increased minimum terms of incarceration for murders.  In contrast, [SB 1437] deals with the related but 'distinct' subject matter of the elements of murder.  [Citations.]  In particular, it is designed to reserve the harshest penalties for persons with the greatest culpability. . . . Moreover, [SB 1437] 'did not prohibit what Proposition 7 authorizes by, for example, prohibiting a punishment of 25 years to life for first degree murder or 15 years to life for second degree murder.  Nor did it authorize what Proposition 7 prohibits by, for instance, permitting a punishment of less than 25 years for first degree murder or less than 15 years for second degree murder." (*Bucio*, *supra*, 48 Cal.App.5th at p. 309.)

Furthermore, "Proposition 7's lack of specific reference to the elements of murder shows the voters did not

3

intend to 'freeze' the definition of murder as it existed when Proposition 7 was enacted. [Citation.] Proposition 7 did not identify Penal Code provisions defining the offense of murder; instead, it pertained only to the punishment for murder. [Citation.] If the drafters had intended to preclude future revisions to the elements of murder, Proposition 7 could have done so by referring to section 187, which defines murder." (*Bucio*, *supra*, 48 Cal.App.5th at p. 311.)

### *Proposition 115*

SB 1437 did not amend Proposition 115, which added select crimes to the list of predicate offense for first degree felony murder. SB 1437 "did not address 'a matter that [Proposition 115] specifically authorizes or prohibits.' [Citation.] In particular, [SB 1437] did not augment or restrict the list of predicate felonies on which felony murder may be based. Rather, it amended the mental state necessary for murder, which is 'a distinct topic not addressed by Proposition 115's text or ballot materials.' [Citation.]" (*Bucio*, *supra*, 48 Cal.App.5th at p. 312.)

### *Separation of Powers*

SB 1437 does not violate the doctrine of separation of powers. "[S]ection 1170.95 does not infringe upon the judiciary's power to resolve specific controversies." (*Bucio*, *supra*, 48 Cal.App.5th at p. 314.) The District Attorney argues the Legislature may not "re-adjudicate[]" a judgment of conviction once the case has become final. "But where legislation reopening a final judgment of conviction is no 'risk to individual liberty interests' and provides 'potentially ameliorative benefits to the only individuals whose individual liberty interests are at stake in a criminal prosecution,' such legislation is permissible. [Citations.]" (*Ibid*.)

4

Neither does section 1170.95 infringe upon the governor's commutation power. "Although section 1170.95 'can produce outcomes resembling the consequences of an executive commutation . . . [¶] . . . the objective of the Legislature in approving section 1170.95 . . . was not to extend "an act of grace" to petitioners.' [Citation.] Rather, the purpose of [SB 1437] was, first, to ensure that California fairly addresses the culpability of the individual, and second, to assist in the reduction of prison overcrowding. [Citations.]" (*Bucio*, *supra*, 48 Cal.App.5th at pp. 313-314.) "Moreover, granting a section 1170.95 petition is 'not merely an act of grace akin to an exercise of executive clemency.' [Citation.] The successful petitioner will have their 'murder conviction vacated and . . . be resentenced on any remaining counts.' [Citation.]" (*Id*. at p. 314.)

### Marsy's Law

Section 1170.95 does not violate Marsy's Law. Marsy's Law establishes the victim's right to finality and the right to "Truth in Sentencing," which provides that the sentence served will comply with the sentencing order, and "shall not be substantially diminished by early release policies." (Cal. Const., art. I, § 28, subd. (f)(5).) "But Marsy's Law 'did not foreclose [postjudgment] proceedings altogether. On the contrary, it expressly contemplated the availability of such postjudgment proceedings, including in [article I,] section 28, subdivision (b)(7) of the [California] Constitution, which affords victims a right to reasonable notice of "parole [and] other [postconviction] release proceedings," and in subdivision (b)(8), which grants victims a right to be heard at 'post-conviction release decision[s] . . . .'" [Citation.]" (*Bucio*, *supra*, 48 Cal.App.5th at p. 313.)

Neither does section 1170.95 violate a victim's right to have the safety of the victims, the victim's family, and the general public considered before any postjudgment release decision is made.  (Cal. Const., art. I, § 28, subd. (b).)  "If a court rules that a petitioner is entitled to relief under section 1170.95, it must then resentence the petitioner on any remaining counts.  [Citation.]  Upon resentencing, the court may weigh the same sentencing factors it considers when initially sentencing a defendant, including whether the defendant presents '"a serious danger to society" and "[a]ny other factors [that] reasonably relate to the defendant or the circumstances under which the crime was committed."  [Citation.]'  [Citation.]  The trial court's ability to consider these factors 'ensures the safety of the victim, the victim's family, and the general public are "considered," as required by Marsy's Law.'  [Citation.]"  (*Bucio*, *supra*, 48 Cal.App.5th at p. 313.)

## DISPOSITION

We reverse the order denying the petition for resentencing, and remand to the trial court with directions to conduct further proceedings consistent with section 1170.95.

NOT TO BE PUBLISHED.

TANGEMAN, J.

We concur:


GILBERT, P. J.


YEGAN, J.

6

Dodie A. Harman, Judge

Superior Court County of San Luis Obispo

_____

Emry J. Allen, under appointment by the Court of Appeal, for Defendant and Appellant.

Dan Dow, District Attorney, Christopher Peuvrelle and Melissa Chabra, Deputy District Attorneys, for Plaintiff and Respondent.